Filed 11/19/20  P. v. Askia CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ABDUL MAJEED ASKIA,<br><br>Defendant and Appellant. | B304380<br><br>(Los Angeles County<br>Super. Ct. No. MA063233) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This is the second appeal brought by defendant Abdul Majeed Askia following his convictions for attempted murder and assault with a deadly weapon. In defendant's first appeal, we remanded for the trial court to exercise its discretion whether to strike defendant's prior serious felony enhancement. The trial court declined to strike the enhancement, and defendant filed this second appeal.

Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal. Defendant filed a supplemental brief. We have reviewed the record, conclude the record reveals no arguable issue on appeal, and thus affirm. We instruct the trial court, however, to correct clerical errors in the abstract of judgment.

## FACTUAL BACKGROUND

We provided a detailed summary of the underlying facts in our opinion from defendant's first appeal, *People v. Askia* (July 29, 2019, B290450) [nonpub. opn.]. In short, the prosecution presented evidence that in June 2014, defendant attacked the woman with whom he was living, stabbing her multiple times with a knife and either strangling her or stepping on her neck, fracturing her vertebrae in the process. The victim fell unconscious from her injuries but survived.

## PROCEDURAL BACKGROUND

An information charged defendant with attempted murder (count 1) and assault with a deadly weapon (count 2), and alleged enhancements for use of a deadly and dangerous weapon in the commission of the attempted murder (Pen. Code[1], § 12022, subd. (b)(1)), and infliction of great bodily injury in the commission of both the attempted murder and the assault (§ 12022.7, subd. (a)). The information alleged that defendant suffered a prior conviction for murder within the meaning of the "Three Strikes" law.[2]

The trial court initially found defendant incompetent to stand trial, and he spent time at Patton State Hospital. Trial ultimately occurred, and the jury convicted defendant of both counts and found the enhancement allegations true. The trial court found defendant previously had been convicted of murder in 1974. The trial court denied defendant's motion for a new trial.

The trial court sentenced defendant to life in prison on the attempted murder count, with a five-year enhancement for the prior conviction under section 667, subdivision (a)(1), and a three-year enhancement for infliction of great bodily injury. The trial court stayed the deadly and dangerous weapon enhancement. The trial court stayed rather than pronounce sentence on the assault charge under section 654, and did not pronounce sentence on the accompanying bodily injury enhancement.

---

[1] Unspecified statutory citations are to the Penal Code.

[2] The information contained other allegations that the trial court dismissed on the prosecution's motion.

3

In defendant's first appeal, we modified the judgment to impose, then stay, the sentence for the assault charge and its accompanying bodily injury enhancement, and to strike, rather than stay, the deadly weapon enhancement. As modified, we affirmed the judgment. We remanded, however, for the trial court to exercise its newly enacted discretion whether to strike the five-year enhancement under section 667, subdivision (a)(1).

On remand, the trial court held a hearing with defendant and his counsel present, and declined to exercise its discretion to strike the five-year enhancement "[b]ased on the facts of the current case" and "the nature of the prior [conviction]."

Regarding our modification of the judgment, the trial court noted that, although our disposition stated that the judgment on the assault count "is modified by imposing and staying sentence," we did not specify a particular term. The trial court stated, "If it is sufficient for the clerk's purposes and the abstracts of judgment to just have what the Court of Appeal has done, then that's fine. Otherwise, if that is insufficient and they do require the [trial] court to specify a term as to [the assault count], the [trial] court would select the middle term on [that count]. That would be doubled due to the strike prior and there would be an additional three years for the great bodily injury allegation. [¶] That entire sentence, however, as to [the assault count], would be stayed pursuant to Penal Code section 654."

Consistent with our instructions, the trial court also struck the deadly weapon enhancement.

Defendant timely appealed.

4

# DISCUSSION

Defendant's appointed appellate counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*Wende, supra,* 25 Cal.3d 436.) We advised defendant of the opportunity to file a supplemental brief, which he did.

In his supplemental brief, defendant argues that when the trial court declined to strike the five-year enhancement, it did not take into account that the prior conviction on which the enhancement was based was committed many years earlier, and that defendant committed no further crimes until the attack underlying the instant case. Defendant further contends the trial court failed to consider defendant's record of public service, including a plaque from Sheriff Sherman Block for outstanding community service. Finally, defendant argues the trial court failed to consider defendant's exemplary record in the six years he has been incarcerated.

"We review a court's decision to deny a motion to strike a five-year prior serious felony enhancement for an abuse of discretion." (*People v. Shaw* (Oct. 26, 2020, D076124) [2020 Cal.App.Lexis 1007, at p. *7].) We note the record does not reflect that defendant or his counsel raised any of the above arguments in the trial court. "As a general rule, 'complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal.' " (*People v. Baker* (2018) 20 Cal.App.5th 711, 720.) Regardless, given the brutality of the crime underlying the instant case, and the fact that defendant's prior conviction was for murder, the trial court was well within its discretion to leave the enhancement in place.

Defendant raises additional issues in his supplemental brief, but they are not cognizable in this appeal. He objects to the trial court sending him to Patton State Hospital before trial, where he claims he was subjected to mind-altering drugs against his will. He complains that his appointed trial counsel did not present the defense requested by defendant, or investigate his treatment at Patton State Hospital or his claims that he was being targeted by the United States Department of Homeland Security. He claims law enforcement officers threatened him while he was in custody prior to trial. He contends the trial court admitted hearsay evidence at trial, and wrongly denied his motion for a new trial based on evidence that one of the officers who testified against him had a history of dishonesty and misconduct. He challenges his sentence under the Three Strikes law, contending his prior conviction was too old to qualify. He asks for conditional release from prison out of concern that he will contract Covid-19.

Apart from the request for conditional release, these additional arguments all pertain to matters that were or could have been addressed in defendant's first appeal, and cannot be challenged now. As for the request for conditional release, that issue is beyond the scope of anything addressed by the trial court upon our limited remand following defendant's first appeal, and is not properly before us.

We have reviewed the record and find no arguable issue. Appointed counsel has fully complied with counsel's responsibilities and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *Wende, supra*, 25 Cal.3d at pp. 441–442.)

6

There are, however, two clerical errors in the abstract of judgment that we must correct. First, both the trial court's oral pronouncement of judgment and the minute order from the hearing reflect that the trial court did not strike the five-year enhancement under section 667, subdivision (a)(1), yet that enhancement does not appear in the abstract of judgment.

Second, the abstract of judgment does not indicate the sentence the trial court orally imposed on count 2, the assault count; instead it merely notes that the sentence was stayed. As set forth above, the trial court imposed the midterm, which for assault with a deadly weapon is three years (§ 245, subd. (a)(1)), doubled because of the prior strike, for a total of six years.[3] Because the trial court did not specify whether the sentence on the assault charge was to run consecutively or concurrently with the sentence on the attempted murder charge, the sentence by default is concurrent. (§ 669, subd. (b) ["Upon the failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently"].)

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) We direct the trial court to amend the abstract of judgment to reflect its oral pronouncement of judgment.

---

[3] The abstract of judgment accurately reflects the trial court's imposition and staying of the bodily injury enhancement to the assault charge under section 12022.7, subdivision (a).)

7

## DISPOSITION

The judgment is affirmed. The trial court is directed to amend the abstract of judgment to include a five-year enhancement under section 667, subdivision (a)(1), and to indicate a sentence of six years on count 2, concurrent with the sentence on count 1, and stayed pursuant to section 654. The trial court shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

8